IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| KODY K BURNETT, | : | |
| Petitioner, | : | |
| VS. | : | NO. 3:22-CV-00099-CAR-CHW |
| SHERIFF J MICHAEL MOORE, | : | |
| Respondent. | : | |
| _____ | : | |

# ORDER

*Pro se* Petitioner Kody K. Burnett, an inmate who is currently incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed the above-captioned application for federal habeas corpus relief under 28 U.S.C. § 2254 (ECF No. 1). On October 31, 2022, Petitioner was ordered to either pay the required filing fee or file a complete and proper motion for leave to proceed *in forma pauperis* and to recast his Petition on the Court's standard form. Petitioner was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Petition. *See generally* Order, October 31, 2022, ECF No. 3.

The time for compliance passed without a response from Petitioner. Because the failure to fully and timely comply with an order of the Court is grounds for dismissal, Petitioner was ordered to respond and show cause why his lawsuit should not be dismissed. Petitioner was given fourteen (14) days to respond, and he was again advised that the failure to fully and timely comply with the Court's orders could lead to the dismissal of his case.

Petitioner was also instructed to notify the Court of any change in his mailing address. *See generally* Order, Nov. 29, 2022, ECF No. 4.

Petitioner partially complied by submitting a Recast Petition (ECF No. 5), but he did not pay the $5.00 filing fee or submit a proper and complete motion for leave to proceed *in forma pauperis*. Petitioner also failed to notify the Court that he had been transferred to a different facility. Presumably due to this transfer, the Court's November 29, 2022 Order was returned to the Court as undeliverable (ECF No. 6). Accordingly, Petitioner was again ordered to respond and show cause why his lawsuit should not be dismissed for failing to fully and timely comply with the Court's orders and instructions. Petitioner was given fourteen (14) days to comply, and he was again warned that the failure to timely and fully comply with the Court's orders and instructions could result in dismissal of this case. This order was directed to Petitioner at his new facility, and it has not been returned to the Court as undeliverable. *See generally* Order, Jan. 6, 2023, ECF No. 7.

The time for compliance has passed without a response from Petitioner. As Petitioner was previously advised, the failure to follow the Court's orders and instructions is cause for dismissal of this case, and Petitioner has still failed to pay the filing fee or file a proper and complete motion for leave to proceed without prepayment of the filing fee. Because Petitioner has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, his Petition is **DISMISSED without prejudice**. Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (the failure to comply with a court order is grounds for dismissal in a habeas case).

2

To the extent that this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's failure to prosecute and comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 3rd day of February, 2023.

s/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT